## MARCIA J. KEELER *v.* HEMAN F. FASSETT.

The rule, that trover will not lie for a record, applies to the record, strictly so called, which is made and preserved by public authority, and not to such papers as have relation to the record, but are not parcel of it. Therefore a judgment creditor may sustain trover for a writ of execution, which he has sued out upon his judgment.

And such action may be sustained, although the execution may have expired previous to the commencement of the action; since its absence from the office whence it issued might embarrass the plaintiff in procuring a fresh execution upon the judgment, and might even create a presumption, that the judgment had been satisfied.

The father of a minor derives no right, from his mere relation to the minor, to make a sale, or transfer, of the minor's property, or to dispose of it in satisfaction or security of his own debts.

Where an infant became party to a trustee process, as claimant, it must appear, in order to render the proceeding conclusive against him, that his rights were actually tried upon evidence and adjudicated, and also that he appeared by guardian, as in case of an infant defendant, and not by *prochein ami.*

TROVER for a writ of execution, which issued upon a judgment in favor of the plaintiff against one Scott. Plea, the general issue, and trial by the court, November Adjourned Term, 1848,—ROYCE, Ch. J., presiding.

On trial the plaintiff gave in evidence the record of a judgment in her favor against Scott, for $62,34 damages, and $4,41 cost, and also the record of a suit by *audita querela* in favor of Scott against her, which resulted in a judgment in her favor. The plaintiff also proved, that, several months after the service of the writ of *audita querela*, the writ of execution, which issued upon the judgment in her favor against Scott, and which had been superseded by the writ of *audita querela*, was in the possession of the defendant, Fassett, in consequence of an undertaking by Lewis Keeler, the father of the plaintiff, to pledge the same to Fassett for a debt due from him to Fassett; that while the execution was so in the defendant's possession, the plaintiff, by her agent and attorney, applied to Fassett for it, and offered to pay to him the amount, for which he claimed it had been pledged,—at the same time denying all authority, or right, of Lewis Keeler to sell or pledge the same; that the defendant declined to accept the sum offered and surrender the execution, alleging that process in favor of Scott had been served upon him, as trustee of Lewis Keeler, by reason of his holding this execution; and that the plaintiff, by her agent, then demanded of Fassett the execution, with which demand Fassett refused to comply, and thereupon this action was commenced. The plaintiff was an infant, under the age of eighteen years, and sued this action by her next friend; and there was no evidence tending to show any sale or assignment of the judgment in her favor against Scott, or of her execution, to Lewis Keeler, or any license to him to sell or pledge the same.

The defendant offered in evidence the record of a suit in favor of Scott against Lewis Keeler, before a justice of the peace, in which Fassett was summoned as trustee. From this record it appeared, that the plaintiff appeared in the suit, by her attorney and next friend, as claimant of the credits &c. of Lewis Keeler in the hands of the supposed trustee; that the trustee, Fassett, appeared in the suit and disclosed, that Lewis Keeler, being indebted to him, pledged to him the execution in favor of the plaintiff against Scott,

and delivered to him the officer's receipt for the same, and he gave a receipt therefor to Lewis Keeler, as for his own property, and that the amount of Lewis Keeler's indebtedness to him was about twenty dollars; that after several continuances judgment was rendered in favor of Scott against Lewis Keeler for $32,33 damages, and $4,34 costs; and the adjudication in reference to the claimant was in these words,—" and having disallowed the said claim of the said Marcia J. Keeler on the goods, chattels, rights and credits in the hands of the trustee, Heman F. Fassett, it is finally concluded and adjudged by the court, that the said trustee is liable for the same, on his disclosure, for the sum of thirty four dollars, after deducting his fees, for which the said Scott may have execution against the said Heman F. Fassett." To the admission of this record in evidence the plaintiff objected, and it was excluded by the court.

The court, upon these facts, rendered judgment for the plaintiff. Exceptions by defendant.

*M. Scott* for defendant.

After the service of the *audita querela,* and the *supersedeas,* and the officer's return of the execution, the legal possession and custody of the execution belonged to the magistrate; and the plaintiff had neither the possession of it, nor the right of possession. The execution was of no value to the plaintiff, after the life had expired. 1 Chit. Pl. 158. *Brainard* v. *Burton,* 5 Vt. 97.

The plaintiff is barred of the right to recover for the execution by virtue of the trustee process; she appeared and made claim to the funds, and judgment was regularly rendered against her. *Pierson* v. *Catlin,* 18 Vt. 77.

*L. B. & G. G. Hunt* for plaintiff.

1. There can be no doubt, that the plaintiff has such an interest in the execution, that trover will lie, to recover the actual damage. 1 Chit. Pl. 519.

2. The natural guardian cannot control the property of his child, who is a minor. *Sparhawk* v. *Adm'rs of Buel,* 9 Vt. 41; and therefore the defendant could not be held as trustee of Lewis Keeler.

The opinion of the court was delivered by

Royce, Ch. J.    It is laid down in the English books, on the authority of *Jones* v. *Winckworth*, Hardr. 111, that trover will not lie for a record, because it is not private property.    The reason assigned for the rule indicates its proper limitation.    In the first place, the denial of the action should doubtless be understood as extending to individual parties, who may suppose themselves interested in the preservation of the record, but not to a person having the official custody of it; for possession, accompanied with the responsibilities of such a person, would seem to constitute a sufficient title to maintain the action against a wrong doer.    In the next place, the rule should be taken as being predicated of the record strictly so called, which is made and preserved by public authority, and not of such papers as have relation to the record, but are not parcel of it.    Of this latter character, we think, was the writ of execution, for which the present action was brought.    The record could show no right acquired under or affected by it, for it had not been executed. The plaintiff purchased it, and it had in no effective sense become incorporated with the very record.    We also consider, that the plaintiff continued to have an interest in it, though it had become an expired process; since its absence from the office of the justice might embarrass her in procuring a fresh execution on her judgment, and might even create a presumption, that the judgment had been satisfied.    And hence, as between these parties, the plaintiff was entitled to have possession of the writ, and may well sustain this action, if the defendant persisted without right in withholding possession from her.

The ground, on which he first claimed to keep possession of the paper, was clearly without any legal or just foundation.    Lewis Keeler derived no right, from his mere relation to the plaintiff, to make a sale or transfer of her property, and much less to dispose of it in satisfaction or security of his own debts.    Reeve's Dom. Rel. 290.    The case excludes the supposition of any license, or consent, on her part.    His pledge of the judgment and execution to the defendant was therefore a nullity as against the plaintiff.

The other ground of defence depends upon the record of the trustee process, offered in evidence on the trial and rejected.    By that it appears, that when the defendant refused to surrender the

execution in compliance with the plaintiff's demand, he had been summoned by Scott, the execution debtor, as the trustee of Lewis Keeler. And that proceeding appears to have terminated in a judgment in favor of Scott against Lewis Keeler, and a judgment fixing the defendant for some thirty or forty dollars as trustee of said Keeler, on account of the plaintiff's judgment and execution against Scott. The only question to be determined upon that record was, whether the plaintiff so became a party to the suit, and had her right to the judgment and execution against Scott so adjudicated and determined against her, that she became barred from asserting that right in a distinct action against the trustee. Those sections in the trustee act, which provide for the intervention of claimants to the property in the trustee's hands, were doubtless intended to have an ulterior effect, as between the claimant and trustee. And perhaps it would be going too far, to hold, that the rights of an infant, who becomes a party to the suit as claimant, may not be barred by an adverse decision. But we think, that, to render such a proceeding conclusive against an infant, it should appear, that his rights were actually tried upon evidence and adjudicated. We are also inclined to consider, that a claimant under these provisions of the statute should rather be regarded as a party defending, than as a party sueing, or prosecuting ; and, therefore, that a guardian should be required in the case of an infant claimant, to protect the interests of the infant in court. Here the appearance was by *prochein ami,* and the record offered in evidence does not show any such hearing and trial of the claim, as we deem to be necessary in such a case. No evidence appears to have been offered in aid of the record, if, indeed, such evidence would have been admissible. We think the record was correctly excluded.　　　　　Judgment of county court affirmed.