F. E. ZELLE ET AL., Appellants, *v.* GERMAN SAVINGS
INSTITUTION, Respondent.

### October 30, 1877.

The rights of a check-holder and of the bank are fixed when the check is pre-
sented for payment, and the bank has no right to pay or satisfy out of the
fund thus appropriated other checks or demands subsequently presented,
or demands which subsequently accrued to the bank or others; nor can
the bank retain the money against the check-holder under claim of an
equitable lien for a debt by the drawer, not yet matured.

APPEAL from St. Louis Circuit Court.
*Reversed and remanded.*

M. KINEALY, for appellant, cited: *McGrade* v. *German
Savings Institution, ante,* p. 330 ; *Fourth National Bank* v.
*City National Bank,* 68 Ill. 398.

FINKELNBURG & RASSIEUR, for respondent : Equitable set-
off. —*Dammon* v. *Boylston Bank,* 5 Cush. 194 ; Waterman
on Set-off, 149 ; *Ford's Administrator* v. *Thornton,* 3 Leigh,
695 ; *Reppy* v. *Reppy,* 46 Mo. 571 ; *Field* v. *Oliver,* 43
Mo. 200 ; *Laidley* v. *Jackson,* 2 Paige, 581 ; *Aldrich* v.
*Campbell,* 4 Gray, 284.

BAKEWELL, J., delivered the opinion of the court.

The facts in this case are precisely the same as those in
the case of *McGrade* v. *German Savings Institution,* decided
by this court at its last term. That case went off on a non-
suit at the close of plaintiff's testimony; no instructions
being asked, except one in the nature of a demurrer to
the evidence. Counsel for respondent think that the
instructions in the present case raise more distinctly the
question of the right of equitable set-off in the bank. That
question was considered in the opinion in the McGrade
case. Counsel for respondent, however, think that it was
not necessary to a decision of that case, and that what fell
from the court as to that matter, in delivering the opinion,
should be regarded rather as *obiter dictum* than as a deci-

sion of the question directly raised in this case by the refusal, on the part of the trial court, of the following instruction, asked by plaintiff:

"If the check sued on was drawn by Fletcher & Co., or the person doing business under that name, and was delivered to plaintiff by said Fletcher & Co. for value received, and if said check was presented for payment to defendant, and defendant, at the time said check was presented for payment, was doing business as a banker, and had in his possession, on current deposit, money of said Fletcher & Co. sufficient to pay said check, and all other checks of said Fletcher & Co. then outstanding or payable, then the court declares the law to be that, on the evidence in this cause, the defendant was not entitled, as against plaintiff, to apply said money of said Fletcher & Co. to the payment of the note for $10,000, made by said Fletcher & Co., and held by defendant, but not then due."

The court then gave judgment for defendant; and plaintiff's motion for a new trial having been overruled, he appealed to this court.

The undertaking of a bank with its depositors is that it will pay the depositor's check to the holder if it has funds of the depositor to meet the check when presented. On the faith of this understanding, which is universal in the business world, and of this usage or custom, which the courts will sustain, the deposit is made. This promise and agreement between the depositor and the bank enures to the benefit of the holder of the check, and he may sue and recover upon the check if it was presented for payment and payment refused when the bank was in funds, having sufficient money of the maker of the check to pay at the time of presentment. So much as this, at least, was expressly decided by this court in the McGrade case.

The rights of the parties were fixed when the check was presented for payment. After that, respondents had no right to pay other checks against the same fund, or to sat-

isfy, out of the deposit thus appropriated, demands which were subsequently presented, or which subsequently accrued to respondent or to others. *A fortiori* they could not retain the fund on pretext of an equitable lien for a debt by the drawer which had not yet matured. No right of equitable set-off could be set up by the bank to the prejudice of the rights of the check-holder, which were fixed on the day the check was presented, and before the maturity of the note of the drawer of the check, held by the bank. This has been expressly decided in Illinois, in *Fourth National Bank* v. *City National Bank*, 68 Ill. 401; and, indeed, follows necessarily from the doctrine laid down in the case of McGrade, before referred to.

The Circuit Court erred in refusing the instruction above set out, and for that reason, and the reasons given in the similar case of *McGrade* v. *German Savings Institution*, the judgment of the Circuit Court is reversed and the cause remanded. All the judges concur.