JOHN FONNER v. J. H. SMITH.

[FILED JANUARY 2, 1891.]

| 31 | 107 |
|----|-----|
| 50 | 461 |
| 50 | 520 |

| 31 | 107 |
|----|-----|
| 56 | 807 |

| 31 | 107 |
|-----|-----|
| d59 | 282 |

| 31 | 107 |
|----|-----|
| 60 | 318 |

1. **Banks**: CHECKS: HOLDER MAY SUE FOR REFUSAL TO PAY.   A check drawn on funds in a bank is an appropriation of the amount of the check in favor of the holder thereof—in effect an assignment of the amount of the check; and the holder, upon refusal of the bank to pay the same, where such funds have not been drawn out before its presentation, may bring an action thereon in his own name.

2. ———: SUBROGATION.   There is an implied promise on the part of a bank when receiving deposits to pay them out on the checks of the depositor to any person in whose favor he may draw the same, and the check-holder is thus subrogated to the rights of the

depositor in so much of the deposits as the check may call for, which cannot, after notice to the bank, be withdrawn by the drawer.

ERROR to the district court for Hamilton county. Tried below before NORVAL, J.

O. A. Abbott, and J. N. Paul, for plaintiff in error, cited, to the contention that the check-holder could not sue the bank on its refusal to pay: Natl. Bank v. Millard, 10 Wall. [U. S.], 152–58; Bank v. Whitman, 94 U. S., 343; Hopkinson v. Forster, L. R. 19 Eq., 74; Caldwell v. Bank, 26 U. C. C. P., 294; Bellows Falls Bank v. Rutland, etc., R. Co. Bank, 28 Vt., 470; Carr v. Natl. Security Bank, 107 Mass., 45; Case v. Henderson, 23 La. Ann., 49; Ætna Natl. Bank v. Bank, 46 N. Y., 82; Planters Bank v. Merritt, 7 Heisk. [Tenn.], 177; Moses v. Bank, 34 Md., 574.

E. J. Hainer, contra, cited, in reply to the contention: Roberts v. Austin, 26 Ia., 316; Union Natl. Bank v. Bank, 80 Ill., 212; Chicago Marine Ins. Co. v. Stanford, 28 Id., 168; Brown v. Leckie, 43 Id., 500; Munn v. Burch, 25 Id., 35; Vanbibber v. Bank, 14 La. Ann., 486; Fogarties v. Bank, 12 Rich. Law. [S. Car.], 518; Byles, Bills [Sharswood Ed.], 96; Lester v. Given, 8 Bush [Ky.], 361; Morse, Banking, 471; 2 Daniels, Neg. Inst., sec. 1635 et seq.; Pomeroy, Remedies [2d Ed.], sec. 164.

MAXWELL, J.

This is an action brought by J. H. Smith against John Fonner et al., lately doing business under the style of The Bank of Phillips, to recover the sum of $495, with interest, on a check drawn by one of the members of the firm of John Fonner & Co., who were owning and operating the Bank of Phillips, against that bank in favor of Samuel Spanogle, another member of the same firm; the check purporting to have been drawn by Crane, treasurer of

the Building and Loan Association of Phillips. The petition alleges a specific promise to pay, and also a promise by the trustee, to whom the assets of the Bank of Phillips had been conveyed for the purposes of liquidation.

It is clearly shown that the drawer had sufficient funds in the bank at the time the check was drawn and presented to pay said check.

In the trial of the cause the court below found the issues in favor of the defendant in error and rendered judgment accordingly.

There was no motion for a new trial, and the question presented to this court is one of law, viz., Is a check drawn upon an existing fund in a bank an absolute transfer or appropriation to the holder of the amount designated in the check, then in the hands of the drawee?

On this question there is a direct conflict in the authorities; and in number, at least, the weight of authority seems to be against the proposition. In deciding the question, however, we desire to be governed by such rules as seem to be based upon sound reason and calculated to promote justice.

The doctrine upon which it is held that a check is not the appropriation of the fund against which it is drawn is stated by Judge Davis, in *Bank of the Republic v. Millard*, 10 Wall., 156, as follows: "On principle, there can be no foundation for an action on the part of the holder, unless there is a privity of contract between him and the bank. How can there be such a privity when the bank owes no duty and is under no obligation to the holder? The holder takes the check on the credit of the drawer in the belief that he has funds to meet it, but in no sense can the bank be said to be connected with the transaction. If it were true that there was a privity of contract between the banker and holder when the check was given, the bank would be obliged to pay the check, although the drawer, before it was presented, had countermanded it, and al-

though other checks drawn after it was issued, but before payment of it was demanded, had exhausted the funds of the depositor. If such a result should follow the giving of checks, it is easy to see that bankers would be compelled to abandon altogether the business of keeping deposit accounts for their customers. If, then, the bank did not contract with the holder of the check to pay it at the time it was given, how can it be said that it owes any duty to the holder until the check is presented and accepted."

This is the strongest presentation of the objections to a check being an appropriation of the funds of the drawer to the amount of the check to which our attention has been called, yet the fallacy of the reasoning can readily be shown. The principal objection of Judge Davis is the want of privity between the holder of the check and the bank. A bank, however, receives deposits on the express or implied promise to pay them out upon the checks of the depositor; and the depositor may draw his checks for small or large amounts, payable to his creditors or those to whom he desires to pay money, and the bank impliedly promises to pay such checks by whomsoever presented, the only limitation being that the drawer shall not exceed the amount of his deposits. In effect the debtor says to his creditor: "I have deposited my money for safe keeping in a certain bank and I will give you a check thereon for the amount due you." The creditor thereupon accepts the check upon the implied assurance that the drawer has sufficent funds in the bank to pay it. Suppose instead of the ordinary form of the check to "pay A. B. or bearer" a specified sum, the drawer should say "I hereby assign to A. B. or bearer" a like portion of the deposit in the bank; in effect there would be no difference as to the right of the holder of the check to the portion of the fund appropriated by the drawer. At the present time checks are in common use to supersede the payment of money. Many persons pay nearly all claims th. ough the instrumentality

Fonner v. Smith.

of checks. This is done to obviate the risk incident to carrying large sums of money on the person, or for want of adequate facilities for its safe keeping; and second, as a means for correcting errors which may have occurred in the payment of claims, as a check when paid to a particular person is equivalent to a receipt. In regard to the alleged want of privity, it is sufficient to say that the holder of the check is subrogated to the rights of the drawer in the fund drawn upon, and therefore to that extent is in privity, as assignee of the drawer, with the bank. But suppose that there is no privity between the parties, the rule is now well settled that a party may sue on a promise made on sufficient consideration for his use and benefit, though it be made to another and not to himself. (*Cooper v. Foss,* 15 Neb., 516; *Stewart v. Snelling,* Id., 502; *Shamp v. Meyer,* 20 Id., 223; *Miliani v. Tognini,* 7 Pac. Rep., 279; *Lawrence v. Fox,* 20 N. Y., 268; *Farley v. Cleveland,* 4 Cow., 432; *King v. Whitely,* 10 Paige, 465; *Halsey v. Reed,* 9 Id., 445; *Cumberland v. Codrington,* 3 Johns. Ch., 254; *Merriman v. Moore,* 90 Pa. St., 80; *Putney v. Farnham,* 27 Wis., 187.)

We have no doubt, therefore, that the holder of a check, where the check was drawn upon funds and presented before such funds are otherwise drawn out, may sue the bank for refusing to pay such check (*Munn v. Burch,* 25 Ill., 35; *Brown v. Leckie,* 43 Id., 497; *Fourth Natl. Bank v. City Natl. Bank,* 68 Id., 398; *Union Natl. Bank v. Oceana Co. Bank,* 80 Id., 212; *Ridgely Natl. Bank v. Patton,* 109 Id., 485; *Natl. Bank of America v. Indiana Banking Co.,* 114 Id., 483; *Merchants Natl. Bank v. Ritzinger,* 20 Bradwell [Ill.], 27; *Roberts v. Corbin,* 26 Ia., 315; *Fogarties v. State Bank,* 12 Rich. Law [S. Car.], 518; S. C., 78 Am. Dec., 468; *Lester v. Given,* 8 Bush [Ky.], 357; *McGrade v. German Sav. Inst.,* 4 Mo. App., 330; *Zelle v. German Sav. Inst.,* 4 Mo. App., 401; *McGregor v. Loomis,* 1 Disney [Ohio], 247, 255; *Ancona*

*v. Marks*, 7 Hurl. & N., 686; *Senter v. Continental Bank*,
7 Mo. App., 532; 3 Am. & Eng. Ency. of Law, page
227); and after notice to the bank of the drawing of the
check, the funds thus appropriated cannot be withdrawn by
the drawer.

No question arises as to the time when the check was
presented, nor is there any contest between the plaintiff and
other check-holders.

The contest, therefore, is between the holder and the
drawee, and as it appears that the bank had sufficient
funds of the drawer when the check was presented it
should have paid the check, failing in which the action is
properly brought.

The judgment of the district court, therefore, is

AFFIRMED.

COBB, CH. J., concurs.

NORVAL, J., having tried the case in the court below,
did not sit.