J. M. HOUSTON GROCER COMPANY, Appellant, v.
FARMERS BANK OF MT. VERNON, MISSOURI,
Respondent.

St. Louis Court of Appeals, May 4, 1897; Motion to Transfer to Supreme Court Overruled June 1, 1897.

1. **Negotiable Paper:** LIABILITY OF DRAWEE FOR PAYMENT OF CHECKS UPON FORGED INDORSEMENTS. In an action by the true payee against the drawee for the payment of checks upon forged indorsements, where its deposit in the defendant bank exceeded the amount of the checks at the time they were presented,—*Held:* That there was no privity of contract between the parties, and the action could not be maintained. *Bank v. Whitman,* 94 U. S. 347.

2. **On Rehearing.**—On a motion to transfer the cause to the supreme court on the ground that the decision was contrary to that of the Kansas City court of appeals in *Bank v. Latimer,* 64 Mo. App. 321,— *Held:* That, as it appeared in that case that the drawer of the check had no funds in the bank when it was presented, the extracts from the opinion, relied on by the appellant here, might be regarded as *dicta.* (Per BIGGS, J.)

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

AFFIRMED; all the judges concurring, Judge BIGGS in the result.

*W. C. & J. C. Jones* and *C. C. Kidd* for appellant.

When a bank pays a check on a forged indorsement of the payee or indorsee, the rightful owner may recover from it the amount thus paid. Nor will it be a sufficient excuse for the bank to allege payment to one who was not rightfully entitled to the money. Van Schaak on Bank Checks, p. 114; Tied. on Com. Pap., sec. 451, p. 737; 2 Rand. on Com. Pap., sec. 1739, p. 854; 1 Morse on Banks and Bankg. [3 Ed.], sec. 248,

p. 448; 1 Danl. on Neg. Insts., sec. 1364, p. 340; *Talbot v. Bank*, 1 Hill, 295; *Johnson v. Bank*, 6 Hun, 124; *Graves v. Bank*, 17 N. Y. 207; *People v. Bank*, 75 *Id.* at 563; *Bank v. Cook*, 73 Pa. St. 23; *Saylor v. Bushong*, 100 *Id.* 23; *Dodge v. Bank*, 20 Ohio St. 234; 30 *Id.* 1; *Armstrong v. Bank*, 46. *Id.* 512; *Jackson v. Bank*, 92 Tenn. 154; *Graham v. Savings Institution*, 46 Mo. 186.

The doctrine that a check does not operate as an assignment, and, therefore, affords no right of action to the payee against the drawee is based on a want of privity of contract, and does not conflict with the rule invoked by appellant. *Pickle v. Bank*, 7 L. R. A. (Tenn.) 93; *Jackson v. Bank, supra; Chism v. Bank*, 32 L. R. A. (Tenn.) 778; *Armstrong v. Bank, supra; Shipman v. Bank*, 12 L. R. A. (N. Y.) 791.

The courts which announce the doctrine invoked by appellant do not predicate it upon the theory that a check, before acceptance, operates as an assignment, but fully recognize the rule as laid down by this court in *Dowell v. Banking Ass'n*, 62 Mo. App. 482. See *Bank v. Brewing Co.*, 50 Ohio St. 151; *Bank v. Clark*, 134 N. Y. 368; *Akin v. Jones*, 93 Tenn. 353; *Saylor v. Bushong, supra*.

Under respondent's plea of payment to plaintiff, it stands admitted that there was an actual assignment of the funds of the drawer to the payee to the extent of the amount of each check, and that the defendant held such funds as funds of the plaintiff. *Howell v. Caryl*, 50 Mo. App. 440; *Snyder v. Free*, 114 Mo. 360.

*W. B. Skinner* and *Massey & Tatlow* for respondent.

A holder of a check drawn by a depositor on a bank can not maintain an action against the bank in

the absence of an express acceptance by the bank, for the reason that there is no privity of contract. The bank's only obligation is to its depositor, or creditor, and it does not owe any duty to a holder of a check, having made no agreement with him. *Dickinson v. Coates*, 79 Mo. 250; *Bank v. Coates, Id.* 168; *Coates v. Doran*, 83 *Id.* 337; *Bank v. Bogy*, 44 *Id.* 13; *Dowell v. Banking Ass'n*, 62 *Id.* 482; *Grammel v. Cramer*, 55 Mich. 418; *Harrison v. Wright*, 100 Ind. 522; 3 Am. and Eng. Ency. Law, 226; *Bank v. Whitman*, 94 U. S. 343; *Thompson v. Bank*, 82 N. Y. 1.

The only exception to this rule is where a check is drawn for the exact amount the depositor has in the bank; then it will operate as an assignment of the fund. *Dowell v. Banking Ass'n, supra; Harrison v. Wright, supra; Grammel v. Cramer, supra.*

This court can not construe the acts of the parties which were intended, and were by them, at the time, understood to be payment of the check, into a future promise of the bank to pay, which are "essentially different"—"one a promise to perform an act, the other an actual performance." *Bank v. Whitman, supra.* Nor can this be done in this state. R. S. 1889, sec. 719; *Flats v. Mulhall*, 72 Mo. 522; *Bank v. Gordon*, 45 Mo. App. 295; *Nichols v. Bank*, 55 *Id.* 81; *Haeberle v. O'Day*, 61 *Id.* 390.

BOND, J.—Plaintiff is engaged in the wholesale grocery business in St. Louis. One of its customers was J. B. Smith, a retail grocer at Mt. Vernon, Missouri. The latter purchased goods of plaintiff through one Hampton, a traveling salesman, between July, 1895, and February, 1896. The president of the plaintiff corporation informed said Smith that it would be proper for the latter to give his checks, payable to plaintiff's order, in settlement for purchases and deliver-

the checks to said Hampton. Smith executed six checks in this manner, aggregating about $527.96, and delivered them to Hampton, who, without authority from plaintiff indorsed its name on said checks and deposited them to his own account in a bank at Springfield, Missouri, whence they were forwarded to defendant and paid by it, and the checks delivered up to the drawer Smith, and his account charged with their payment. . At the time of the presentation of said checks to defendant bank the deposit account of the drawer Smith exceeded the amount mentioned in the checks. Upon the discovery of the unauthorized indorsements of its checks, plaintiff applied for and received them from the drawer, and demanded payment of the defendant, which was refused. There was evidence tending to show that Hampton remitted money at various times to plaintiff, but that these remittances left his indebtedness about $600 at the time of the discovery of the fraud and when he absconded. Plaintiff sued for the amount of said checks. Defendant answered that Hampton remitted the proceeds of said checks to plaintiff, thus paying the indebtedness for which they were given. The reply joined issue. The cause was submitted to the court, a jury being waived, who upon request made a finding of facts substantially as herein stated, and gave judgment for defendant from which plaintiff appeals.

We do not understand counsel for appellant to controvert the rule, that a check upon a bank, not for the full amount to the credit of the drawer, and neither drawn upon a particular fund, nor containing in itself words of transfer, does not before acceptance establish any privity of contract between the payee and the drawee, nor afford the former any right of action against the latter. *Dowell v. Bank*, 62 Mo. App.

NEGOTIABLE paper: liability of drawee for payment of checks upon forged indorsements.

482.   It is insisted that the case at bar is not governed by this general rule, because the evidence shows that the drawee received the checks bearing the unauthorized indorsements, paid them, surrendered them canceled to the drawer, and charged his account with the sums thus expended, and that these acts constituted in law an acceptance of the checks and assignment of their proceeds by the drawee entitling the true payee (plaintiff) to sue for the amounts for which the checks. were given.   This position is maintained in some of the cases in other states cited by appellant.   *Dodge v. Bank*, 20 Ohio St. 234; *7th Nat'l Bank v. Cook*, 73 Pa. St. 483; *Pickel v. Bank*, 88 Tenn. 385.   An examination of these cases does not convince us of the correctness of the reasoning upon which they are founded. We are better satisfied with the contrary doctrine as expounded by the supreme court of the United States in the case of the *First Nat'l Bank v. Whitman*, 94 U. S. 347.   In speaking of the legal effect of such acts as those relied upon by appellant in this case, that court says:   "It is further contended that such an acceptance of the check as creates a privity between the payee and the bank is established by the payment of the amount of this check in the manner described.   This argument is based upon the erroneous assumption that the bank has paid this check.   If this were true, it would have discharged all of its duty, and there would be an end of the claim against it.   The bank supposed that it had paid the check, but this was an error.   The money it paid was upon a pretended and not a real indorsement of the name of the payee.   The real indorsement of the payee was as necessary to a valid payment as the real signature of the drawer; and in law the check remains unpaid.   Its pretended payment did not diminish the funds of the drawer in the bank, or put money in the pocket of the person entitled to the pay-

ment. The state of the account was the same after the pretended payment as it was before.

"We can not recognize the argument that a payment of the amount of a check or sight draft under such circumstances amounts to an acceptance, creating a privity of contract with the real owner. It is difficult to construe a payment as an acceptance under any circumstances. The two things are essentially different. One is a promise to perform an act, the other an actual performance."

The logic of this view is sustained by an analysis of the legal relationship of the payee and the drawee in the checks. Suppose these had been presented to defendant with the genuine indorsements of the payee, defendant would have been at perfect liberty to refuse their payment, for the obvious reason that before acceptance no contract existed between it and the holder of the checks operating as an assignment of that portion of the funds of the drawer called for by the checks, nor would any right of action have arisen under such circumstances in favor of the payee or his indorsee against the drawee. This being so it is apparent, unless something has happened to establish a contract between the plaintiff and defendant, or which operated as an assignment by defendant in plaintiff's favor of the money of the drawer of the checks, there can be no recovery in the present action. It is not pretended that plaintiff had any express contract with defendant in reference to the payment of said checks; nor that plaintiff had any dealings with defendant which involved a recognition by defendant of plaintiff's right to the portion of the deposits of the drawer represented by the checks. The only method by which appellant seeks to show a right in plaintiff to sue the defendant bank, is by the transactions between it and the agent of a stranger to the checks, who so far from represent-

ing plaintiff in the matter attempted by a forged indorsement to get the proceeds of the checks for his own use. Is there any theory of law or reason whereby the person so acting could be deemed in that matter an agent of the payee (plaintiff)? This question only admits of a negative response. When the defendant bank paid the checks to the agent of the forged indorsements, it did not appropriate even in his favor the money of the drawer. It merely paid out its own money. How is it, therefore, conceivable that the transaction in question involved an appropriation of the money of the drawer of the checks in plaintiff's favor? Such a notion is a logical contradiction. Whatever was the legal effect of the transaction between the defendant bank and the person who forged the indorsements on the checks, or his agent, it was one in which plaintiff had no part or lot, and from which plaintiff could derive no rights of privity as against the defendant.

The true view of the matter is, that the plaintiff can only avoid the defense of want of privity of contract by showing something in the dealings between itself and defendant which amounts to an acceptance of the checks or an assignment of so much of the drawer's funds as is represented by them. *Thompson v. Bank*, 82 N. Y. 1. Neither of these can be shown by the acts and doings between defendant and the forger of plaintiff's indorsements on the checks. While the transactions between defendant and this wrongdoer could not afford plaintiff any rights against defendant growing out of privity of contract, it does not follow that defendant is to go scot-free. Defendant as the drawee of the checks in question could only charge his depositor, the drawer, with money paid, either to the real payee, or upon his genuine indorsement. For the rule is elementary, that as

against the drawer payments made by the drawee upon forged indorsements are made at the latter's peril. *Shipman v. Bank,* 126 N. Y. 326; *Armstrong v. Bank,* 46 Ohio St. 512.

Our conclusion is that plaintiff's petition states no cause of action against defendant, and that the judgment of the trial court must be affirmed. All the judges concur. Judge BIGGS in the result.

### OPINION ON MOTION FOR REHEARING.

BIGGS, J.—We are asked to transfer this case to the supreme court on the ground that our decision is opposed to that of the Kansas City court of appeals in the case of *Ripley National Bank v. Latimer,* 64 Mo. App. 321. The learned judge who delivered the opinion in that case said: "If the bank holding a deposit subject to the payment of a check on its presentation wrongfully refuses payment, the holder of the check has a right to sue the bank in an action of assumpsit upon the implied promise which the law raises in behalf of the holder of the check." To sustain this the opinion cites the cases of *Zelle v. Savings Inst.,* 4 Mo. App. 401; *McGrade v. Savings Inst.,* 4 Mo. App. 330; *Sutter v. Bank,* 7 Mo. App. 532; *Lewis v. Bank,* 13 Mo. App. 204; *Savings Ass'n v. Bank,* 11 Mo. App. 292. The doctrine of the foregoing cases was expressly overruled by the supreme court in *Dickinson v. Coates,* 79 Mo. 250. It was there decided that a bank check drawn for a part only of the drawer's deposit, does not operate either at law or in equity as an assignment of the deposit *pro tanto* or confer any lien upon it. As it appeared in the case of *Ripley v. Latimer, supra,* that the drawer of the check had no funds in the bank at the time the check was presented, the foregoing extracts from the opinion may rightfully be regarded as *dicta.* The motion to transfer will be overruled. All concur.