Kansas City Casualty Co. v. Westport Avenue Bank.

---

KANSAS CITY CASUALTY COMPANY, Respondent, v. WESTPORT AVENUE BANK, Appellant.

**Kansas City Court of Appeals, June 14, 1915.**

1. **CONTRACTS: Privity: Payee: Bank.** There is no privity of contract between a payee of an ordinary check and the bank upon which it is drawn, and hence the payee cannot maintain an action, *ex contractu* against the bank for the amount of the check.

2. **BANK CHECK: Action Ex Contractu: Ex Delicto.** A payee of a check may maintain an action, *ex delicto*, in conversion against the bank on which it is drawn, where the latter permits an agent of such payee, without authority, to endorse the check to it and places the amount to the agent's individual credit.

3. **CHECKS: Conversion: Property: Measure of Damages.** Bank checks are property and may be converted; and prima facie, the amount of the check is the measure of damages in an action for conversion.

4. **SALESMAN: Authority: Endorsement: Checks.** A travelling salesman for a wholesale grocery house with authority to sell and receive cash payments and also checks payable to the wholesale house, has no authority to endorse such check. And a bank accepting such endorsement and paying the money is guilty of a conversion.

5. ———: ———: ———. The fact that a travelling salesman for a wholesale house with authority to collect cash for sales and to receive checks payable to the house, deposits the cash with a bank to his individual credit and then checks it out to the house is not evidence sufficient to show that such salesman has, without authority, also endorsed its name on checks and deposited them to his own credit.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie,* Judge.

AFFIRMED.

*Heidelberger & Houston* for appellant.

*McCune, Harding, Brown & Murphy* and *Blatchford Downing* for respondent.

ELLISON, P. J.—Plaintiff's action is for conversion of a number of checks which were drawn by various retail customers, on their respective local banks, in favor of the Inter-City Grocery Company, in payment of accounts due for purchases from the latter company. The cause of action for the conversion was assigned by the latter company to plaintiff.

It appears that the Inter-City Grocery Company was a wholesale institution who had in its employ one J. S. Bell as a travelling salesman. He had authority to accept checks from his customers for accounts, payable to the Inter-City Grocery Company but did not have authority to transfer such checks by endorsement or otherwise.

Bell did his private banking business with defendant and the Grocery company in writing to customers for payment of their accounts learned from them that they had paid Bell by checks which, in some instances, were sent in to the Grocery company marked as cancelled. In that way it was discovered that Bell had endorsed them to the defendant bank by signing the Grocery Company's name, per himself, and had them placed to the credit of his private account, and that defendant had collected them from the various local banks on which they were drawn.

Since plaintiff's right depends entirely upon the right of the Grocery Company, we need only consider what right the latter has. Defendant insists that it

had none and to sustain such insistence relies strongly on Grocer Co. v. Bank, 71 Mo. App. 132, wherein it is decided that there is no privity of contract between the payee of an ordinary check and the bank upon which it is drawn; and hence, that such payee has no right of action against the bank which has paid the check on his forged, or otherwise unauthorized endorsement. The action in that case, was in contract against the bank upon which the check was drawn; while this action is in conversion against an intervening, or rather, an intermeddling, bank. The same may be said of Biscuit Co. v. Grocer Co., 143 Mo. App. 300, where the action was against the drawee of a draft. But we will not avoid the question presented on the ground of a difference between those cases and this, so far as rights in contract may be concerned. We concede that there was no privity of contract between the Inter-City Grocery Company and defendant, and hence no right to sue defendant upon a contract existed or was assigned to this plaintiff; and thus we fully recognize the soundness of that class of authority in which Grocer Co. v. Bank, supra, has placed the courts of this State.

But the present action is not *ex contractu;* it is *ex delicto.* Defendant bank has not contracted to pay the Inter-City Grocery Company the amount of the checks in controversy, but it has wrongfully intermeddled with them to the exclusion and in disregard of the rights of the true owner; and that is a conversion. A conversion is ''Any distinct act of dominion wrongfully exerted over one's property, in denial of his right, or inconsistent with it.'' [2 Cooley on Torts, 859.]

Personal property, as understood in these definitions, includes choses in action, such as notes, bills, checks, and other representatives of value; for a representative of value, is, itself, a thing of value. Hence it has been decided that an army commissary

voucher, or a writ of execution may be converted; Koch v. Branch, 44 Mo. 542; Keeler v. Fassett, 21 Vt. 539. So may a certified account; O'Donoghue v. Corby, 22 Mo. 393; and a promissory note; Richardson v. Ashby, 132 Mo. 238, 249; Vanstandt v. Hobbs, 84 Mo. App. 628; Kaufman v. Bank, 151 Mich. 65; Warren v. Smith, 35 Utah, 455. And so may a share or certificate of stock; Newman v. Trust Co., 189 Mo. 423; Withers v. Bank, 67 Mo. App. 115. And a draft, Williams v. Wall, 60 Mo. 318. Checks, such as these in controversy, are regarded in the same way, as is evidenced by several cases; Blum v. Whipple, 194 Mass. 253; Schmidt v. Bank, 19 N. Y. Supp. 252; Buckley v. Bank, 35 N. J. L. 400; Lovell v. Hammond Co., 66 Conn. 500, 510; Krager v. Pierce, 73 Iowa, 359; Columbia Mill Co. v. Nat'l Bank, 52 Minn. 224; Keiner v. Folsom, 79 N. Y. Supp. 1099; Graton v. Redelsheimer, 28 Wash. 370, 379; 28 Am. & Eng. Encyc. of Law, 649; 2 Cooley on Torts, 856.

And the measure of damages is prima facie the face value of the paper converted. [O'Donoghue v. Corby, 22 Mo. 393; Lovell v. Hammond Co., 66 Conn. 510; Graton v. Redelsheimer, 28 Wash. 379.]

It is suggested that the Inter-City Grocery Company is not harmed if there is a denial of a right to hold the defendant bank, for the reason that it may yet recover from the makers of the checks. But that plea will not excuse defendant's wrongful act. The Grocery Company had a choice of remedies, one of them being for the wrong done by defendant. The suggestion is well disposed of in Solomon v. Bank, 59 N. Y. Supp. 407, in these words: "A person or corporation who converts a promissory note or check to his or its own use is liable in damages for the conversion in an amount equal to the amount due on the promissory note or check. [Citing authorities.] This action is in no sense an action on contract. Undoubtedly the plaintiffs had a right to sue the makers of the checks

respectively, but they have elected to avoid the burden of bringing twenty-four suits against the drawers of the checks respectively, all but one of which suits would be against nonresidents of this State, and they have sued the defendant and seek to recover as damages the amount of all the checks in one action. A person whose property has been wrongfully converted is not bound to take the same back. He may abandon it from the moment of its conversion and sue for its value.''

The fact that Bell was a salesman with authority to collect bills in cash, or to receive checks, did not carry with it implied authority to endorse checks. [Graham v. U. S. Savings Inst., 46 Mo. 186; Jackson Paper Co. v. Bank, 199 Ill. 151; Exchange Bank v. Thrower, 118 Ga. 433; Blum v. Whipple, 194 Mass. 253; Rosenberg v. Germania Bank, 88 N. Y. Supp. 952; Schmidt v. Bank, 19 N. Y. Supp. 252; Jacoby v. Payson, 32 N. Y. Supp. 1032; 1 Daniels on Neg. Inst. (4 Ed.), 292; 1 Mechem on Agency (2 Ed.), sec. 952.]

But defendant insists that there was, at least, apparent authority arising from the conduct of the Grocery Company in the nature of an estoppel. We think there is no evidence to sustain that view. It seems that Bell, besides being the Inter-City Grocery Company's travelling salesman, owned a small retail grocery store which he operated for himself, wholly apart from his employment by the Grocery Company. As has been stated, he kept a bank account with defendant. Frequently he paid collections he made for the Inter-City Grocery Company to that company by giving his check on his account with defendant. We do not see anything to be made in defendant's favor from that circumstance. Bell had authority to collect cash payments from customers and to take their checks payable to the Inter-City Grocery Company; and he would, from time to time, send his checks on defendant bank and customers checks to that company; in full or part payment, as the case might be, of customers ac-

counts. The undisputed evidence was that the Inter-City Company supposed his checks were for cash he had received from customers and never supposed that any were to meet customers checks to it, which he, without authority, had endorsed with its name and put in his individual account. As we understand defendants point, it is this: that when Bell sent his individual check on defendant bank to the Grocery Company, that act, at least, made known to the company that Bell was depositing with defendant his cash collections from customers and from that fact the company should have known, or believed, that he was also endorsing its checks to defendant. We think it does not follow. It was defendant's duty for its own protection to have ascertained from the Grocery Company whether Bell had authority to endorse its checks. Such authority is an extraordinary power. Checks are negotiable instruments and authority to endorse the payee's name lays the way open for the endorsee to hold the payee liable on the endorsement. So we conclude there was no evidence upon which to ground an estoppel.

There was no demurrer to the petition. We have no doubt that, after verdict, it must be held to have stated a cause of action. What we have written disposes of questions on instructions.

The judgment must be affirmed. All concur.