# GOLDEN v. TYER, Appellant.

### Division Two, March 1, 1904.

1. **WITNESS: Competency: Deceased Party.** In a suit in ejectment, wherein the sufficiency of a deed from plaintiff to the defendant's grantor is drawn in question, the plaintiff is not incompetent to testify because defendant's grantor is dead. The deed speaks for itself, and its contents must determine its legal effect. The defendant's grantor is not a party to the suit, which is not one to set aside or reform that deed, but one to try the plaintiff's and defendant's right to possession.

2. **DEED: Name of Grantor in Body.** Although a deed may be signed and acknowledged by a grantor, yet if his name does not appear in the body of the deed it does not convey title. It is simply color of title.

3. ———: **Cotenant: Presumption.** Although a cotenant may think he acquired the interest of a coparcener in land, yet if in law he did not acquire it, the presumption is that he knew the condition of his title.

4. **COTENANCY: Adverse Possession: Trial by Court.** Where the evidence is conflicting, in the trial of the issue of whether the possession by one cotenant was adverse to that of another, the Supreme Court will not interfere with the finding of the court sitting as a jury.

5. **ESTOPPEL.** Estoppel to be available must be pleaded.

Appeal    from    Clinton    Circuit    Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*L. B. Hooper* and *F. B. Ellis* for appellant.

(1)  The undisputed proof shows that the plaintiff's cause of action is barred by the statute of limitations.  The deed from the Payton heirs to Samuel Payton was sufficient to ripen into a complete title and fix and vest the same in defendant.  Ekey v. Inge, 87 Mo.

493; Mansfield v. Pollock, 74 Mo. 185; Sutton v. Casleizgie, 77 Mo. 397; Long v. Higinbotham, 56 Mo. 245; Wilkerson v. Eilers, 114 Mo. 254; Shearer v. Middleton, 88 Mich. 621; Scruggs v. Scruggs, 43 Mo. 142; Allen v. Mansfield, 108 Mo. 343; Gower v. Sanders, 87 Mo. 557; Hamilton v. Boyess, 63 Mo. 234; Warfield v. Lindell, 38 Mo. 562; Hodge v. Hubb, 94 Mo. 489; Brown v. Bocquin, 20 S. W. 813; Dollarhide v. Mabry, 125 Mo. 201. (2) The statute of limitations may run against one tenant in common and in favor of another where he holds adversely to the claim of the other. Especially is this true when he does not acknowledge the title of his joint owner but sets up an adverse claim, such as collecting rents, paying taxes and exercising a general control over the land. Warfield v. Lindell, 38 Mo. 562; Brown v. Bocquin, 20 S. W. 813; Carondolet v. Simons, 37 Mo. 408. (3) Possession is said to be adverse when there is such an appropriation as will inform the neighborhood that the property is in the exclusive use of some known person. Morison v. Kelly, 22 Ill. 610. (4) Possession of land once established by material acts of visible and notorious acts of ownership must be presumed to continue until open, notorious and adverse possession be proved to have been taken by another. Clements v. Lamkin, 34 Ark. 598; Hollingsworth v. Walker, 98 Ala. 543. (5) The court erred in permitting the plaintiff to testify that Sam Payton and she were joint tenants. Sam Payton, defendant's grantor, was dead. She was not a competent witness to prove what took place between her and Sam Payton. Without her evidence, there is no evidence that Sam Payton ever attorned to her, or acknowledged any right which she ever had in the premises; where one of two parties to a contract is dead, the other is not a competent witness to prove the contract. The law excludes as a witness any party to a contract where the other is dead, any testimony of him if it is beneficial. Teats v. Flanders, 118 Mo. 660; Emenel v. Hays, 102 Mo. 186; Mismer v. Mc-

Cray, 113 Mo. 382. (6) The plaintiff is estopped from bringing this suit. She knew Sam Payton was mortgaging this land to other parties. She stood by and said nothing. She can not stand by and see other parties buy property and acquiesce by her silence, and then take advantage of it after she has caused others to believe that she claimed no interest when she claimed an interest. Hart v. Giles, 67 Mo. 175; Action v. Dooley, 74 Mo. 63; Collins v. Rogers, 63 Mo. 515; Evans v. Snyder, 64 Mo. 218.

*E. C. Hall* for respondent.

(1) The name of the grantor must be in the body of the deed. Martindale, Law of Conveyancing, p. 62; 9 Am. and Eng. Ency. Law (2 Ed.), p. 108; Tiedeman, Real Property, sec. 798; McFadden v. Rogers, 70 Mo. 421; Bradley v. Railroad, 91 Mo. 493. (2) A quitclaim deed does not convey after-acquired title. 9 Am. and Eng. Ency. Law (2 Ed.), p. 106; 13 Mo. 365; 60 Mo. 139; Smith v. Washington, 88 Mo. 475. (3) The law presumes that the possession of one tenant in common is possession of cotenants. Lopeyn v. Paul, 47 Mo. 586; Warfield v. Lindell, 30 Mo. 272; 35 Mo. 585. (4) To make such possession adverse, there must be outward acts of exclusive ownership of an unequivocal character. Campbell v. Laclede Light Co., 48 Mo. 352. (5) If possession begins friendly, there must be some act indicative of intent to disseize. Comstock v. Eastwood, 108 Mo. 47; Meier v. Meier, 105 Mo. 411; Budd v. Collins, 69 Mo. 129; Ivey v. Yancey, 129 Mo. 508. (6) Payment of taxes does not show adverse possession. Chapman v. Templeton, 53 Mo. 463; Cashman v. Cashman, 123 Mo. 645. (7) Possession may be open and notorious and not adverse. Crawford v. Alines, 103 Mo. 88.

FOX, J.—This is a suit in ejectment to recover certain lands in the petition described. The petition is in the usual form in actions of this character. The answer is a general denial of the allegations in the petition and a plea in due form of the statute of limitations. This action was commenced on the 15th day of November, 1900. There is no question involved in respect to the pleadings, hence there is no necessity for burdening this opinion with them. The land involved in this controversy is:

"The west one-half of the northwest quarter of section 19, township 56, range 32, and 9 acres off of the northeast quarter of section 19, township 56, range 32, in Clinton county, Missouri. There was a trial of the cause on the 28th day of January, 1901, resulting in a verdict for a one-ninth interest in said land. After an unsuccessful motion for a new trial, the defendant brings the case here by appeal. It appears that William S. Payton died, leaving nine heirs, among the number the plaintiff. He died in 1879. At the time of his death he was in possession of the land. At the time of his death General David R. Atchison had a mortgage upon the land. The mortgage at the time of the death of the elder Payton had about amounted or nearly amounted to its value. Subsequent to his death D. R. and John C. Atchison deeded 80 acres of this land to the heirs of Payton; consideration $1,200. The deed was made March 24, 1880. On the 12th day of January, 1880, the heirs of William S. Payton undertook by quitclaim deed to convey the land to Sam Payton. The deed purports to be a deed from William S. Payton's heirs to Samuel Payton. The deed is in due form except the plaintiff's name and that of her husband Archibald Bedford, are not in the body of the deed, but it is duly acknowledged by them."

Nancy M. Golden, plaintiff, testified in the cause. Her testimony tends to show that she resided on the

premises for a number of years; that she paid part of the taxes; that her brother, Sam Payton, under whom defendant claims title, paid her rent in accordance with her interest in the land; that she always claimed to be a tenant in common with her brother, Sam Payton.

The testimony for the defendant tended to establish his plea of the statute of limitations. The witnesses testified that Sam Payton controlled and managed the farm; rented part of it and collected the rent, and paid the taxes.

Testimony was also introduced by defendant, showing that he mortgaged the premises and satisfied the mortgages.

There was also evidence tending to show a bad reputation for the plaintiff.

The controversy in this proceeding is practically narrowed down to but one question, and that is in respect to the finding and conclusions reached by the trial court, upon the issue presented upon the plea of the statute of limitation.

Incidentally, in determining this issue, there is a question as to the competency of the plaintiff as a witness.

The quitclaim deed offered in evidence by defendant, purporting to convey the land in dispute from the Payton heirs to Sam Payton, appellant's grantor, did not convey the interest of plaintiff in said lands, for the reason that she nowhere appears as a grantor in said deed. [McFadden v. Rogers, 70 Mo. 421; Bradley v. Railroad, 91 Mo. 493.]

This proposition is, with commendable frankness, conceded by appellant.

Our attention is first directed to the complaint of error urged by the appellant as to the admissibility of the testimony of Nancy M. Golden, the plaintiff in this cause. It is insisted that she is rendered incompetent by reason of the death of Sam Payton.

We can not agree with learned counsel for appellant that she is an incompetent witness.

It is true at the time this cause was tried, the record discloses that Sam Payton was dead, and it is also conceded that he is the appellant's grantor; but it does not follow from his death that the plaintiff is rendered incompetent to testify.

Sam Payton is not a party to this action, nor is or was he a party to the contract which is involved in this suit. The quitclaim deed offered by defendant is not in question; there is no dispute about that deed; this action is not to set aside or change, in any manner, the legal effect of that instrument. It speaks for itself, and its contents must determine its legal effect.

This is a dispute as to the right of possession between parties, both of whom are living. Sam Payton is not a party, nor is he a necessary party to the determination of this cause, and so far as this action is concerned, has no legal interest in it. He may be interested in it by reason of his covenants in his deed; this is not contemplated by the statute and can not be made the basis of excluding the plaintiff as a witness. An examination of the cases cited by appellant in support of this contention, will demonstrate their dissimilarity to the proposition before us. In those cases, it will be observed that a contract between a dead and living party was involved. Hence, they came directly within the terms of the statute which rendered the living witness incompetent. The plaintiff in this cause is not assailing any contract with her deceased brother, nor is she claiming title under him.

From the record before us, it is clear that the legal title to the one-ninth interest in the land in dispute was vested in the plaintiff, and the defendant, to defeat her right of recovery, must rely upon the statute of limitation.

The plaintiff in this cause and Sam Payton, deceased, were brother and sister and heirs of William S.

Payton, and she was a tenant in common with her brother, unless, after the execution and delivery of the quitclaim deed to Sam Payton, his possession under such deed was of such an adverse character for the statutory period that his color of title, by virtue of his deed, ripened into a full legal title.

In the consideration of this last proposition we start out with the legal status of plaintiff and defendant's grantor, as tenants in common. While it may be that Sam Payton may have in fact thought he had acquired plaintiff's title, under the quitclaim deed, yet, in law, he did not acquire it and not having done so, the presumption is that he knew the condition of his title.

The rule as to the nature and character of the possession, so as to operate as a bar against one tenant in common and in favor of another, is much more stringent than where such relation does not exist.

Judge NAPTON, in Warfield v. Lindell, 30 Mo. 272, very clearly announces the rule applicable to this proposition before us. He says:

"There is an admitted distinction recognized in the cases on the subject between the character of a disseizin as against strangers and between tenants in common. This distinction is founded on the presumption that a person, who enters into possession of a tract of land having a title thereto, enters in conformity to that title. No presumption will be entertained that a man means to do an unlawful act; and if the title he has gives him a right to enter on the land, his entry is attributed to that title. If, then, one tenant in common enters upon the land, his entry and possession are not esteemed *prima facie* adverse to his cotenants, but in support of the common title; and his possession and seizin is the possession and seizin of the others. (Cruise Dig., tit. 20, sec. 14.)

"That one tenant in common may disseize or oust the others is also very well established; but it is not so easy to determine from the authorities what acts will

amount to an ouster.   This difficulty does not seem to arise from any contradiction or confusion in the principles of law decided upon this subject, but in the application of admitted principles to the facts of each particular case.   An actual ouster or 'turning out by the heels,' as some of the judges have termed it, is not necessary, but the act or declaration, which constitutes an ouster, must be unequivocal and notorious; and as the character of the act must necessarily depend very much on the intent with which it is done, its consequences and effects in producing an adverse possession will also vary with the circumstances accompanying it calculated to explain that intent.

"To constitute an adverse possession of one tenant in common against his cotenants, there must be some notorious act asserting an entire ownership."

To the same effect is Lapeyre v. Paul, 47 Mo. l. c. 590, wherein WAGNER, J., very aptly stated the rule. He said:

"There is a marked difference in the rules of evidence as applicable to a case of this kind, and to a case of adverse possession—a disseizin in general.   The presumption of law is that the possession of one tenant in common is the possession of the cotenants as well. Unity of possession is the very essence of a tenancy in common.   That one tenant in common may disseize another is established beyond all doubt but, in consequence of the legal presumption, acts of exclusive possession, which in a case of a stranger would be deemed adverse and *per se* a disseizin, are, in cases of tenancies in common, susceptible of explanation consistently with the real title.   They are not necessarily  inconsistent with the unity of possession existing in such a case.   It is for this reason that it depends upon the intent with which the acts of ownership are done, and upon 'their notoriety and essential character, whether they will be such as to break and dissolve the unity of possession, constitute an adverse possession as against the coten-

ants, and amount to an ouster or disseizin. For this purpose there must be outward acts of exclusive ownership of an unequivocal character, overt and notorious, and of such a nature as by their import to impart information and give notice to the cotenants that an adverse possession and an actual disseizin are intended to be asserted against them.''

The rule as stated makes apparent the nature of the possession it was necessary for defendant to establish, in order to defeat a recovery.

This cause was submitted to the court sitting as a jury, and the issue as to the character, nature and duration of the possession of the defendant and his grantor, Sam Payton, was sharply controverted and presented to the court. Defendant and his witnesses detail fully all the facts pertinent to that issue. The plaintiff detailed a state of facts which, if true, clearly shows that there was no adverse possession. All of the testimony was heard by the trial judge, who in this case was the sole and exclusive judge of the credibility of the witnesses, and of the weight to be attached to their testimony. The court found the issues for the plaintiff, and unless this court consents upon this record to retry the facts, this judgment should not be disturbed, and to do that we must decline to give our consent.

Again it is urged by appellant that, under the evidence disclosed in this case, plaintiff should be estopped from asserting title to this land.

There is no issue of this character presented in the pleading. If there was, the evidence is insufficient to support it.

Finding no reversible error in the trial of this cause, the judgment is affirmed.

All concur.