MERCHANTS' BANK OF JEFFERSON CITY, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

**Kansas City Court of Appeals, December 19, 1904.**

1. **BANKS AND BANKING: Forgery: Principal and Agent: Indorsement of Check.** A bank buying a check has no right to believe the indorsement of the payee genuine because witnessed by drawer's agent, where the agent in witnessing it is not in the line of his duty as agent.

2. ——: ——: **Indorsement of Check.** Before purchasing a check a bank must know payee's indorsement to be genuine, since without such indorsement there is no privity of contract between the drawer and the drawee.

3. ——: ——: **Principal and Agent.** A principal is not liable for the forgery of his agent especially when acting without the scope of his authority.

Appeal from Cole Circuit Court.—*Hon. James E. Hazell,* Judge.

AFFIRMED.

*Silver & Brown* for appellant.

(1) A bank is bound to ascertain that the person presenting a check is the one entitled to receive payment under the penalty of refunding either to the party entitled or to the drawer. Milliard v. Bank, 3 McArthur 54; Bank v. Cook, 73 Pa. St. 483; Johnson v. Bank, 6 Hun 124; Welsh v. Bank, 73 N. Y. 424; Thompson v. Bank, 82 N. Y. 1; Bank v. Bank, 30 Md. 11. (2) Nor

can the defendant in this case be held liable on the theory that the act of Hendricks in forging the indorsement of Mrs. Crandall and obtaining the money thereon and placing it to his credit at the bank, was the act of the defendant and one which renders it liable as contended for by respondent. Bigelow on Bills and Notes (Students' Series), p. 190; Ins. Co. v. Worchester, 42 Conn. 391; Welsh v. Bank, 73 N. Y. 424. (3) Nor does the fact that the defendant is a corporation and that Hendricks was one of its agents make the case more favorable for plaintiff and entitle it to a recovery in this suit. A corporation is only liable for the acts of its agents while the latter is acting within the scope of his employment. The act of the servant must pertain to the particular duties of the employment. Stringer v. Railroad, 96 Mo. 299; Snyder v. Railroad, 60 Mo. 413; Cousins v. Railroad, 66 Mo. 572; Farber v. Railroad, 116 Mo. 81; Walker v. Railroad, 121 Mo. 575; Sparks v. Trans. Co., 104 Mo. 540; Degman v. Thoroughman, 88 Mo. App. 62. (4) Defendant made no contract with plaintiff that it would pay the latter the amount it paid on the draft to the Sedalia bank. No privity of contract existed between plaintiff and defendant and the latter on this ground is not liable in this action. Bank v. Whitman, 94 U. S. 343; Dickman v. Coates, 79 Mo. 250; Coates v. Doran, 83 Mo. 337; Case v. Packing Co., 79 S. W. 732; Utley v. Hill, 155 Mo. 232.

*W. S. Pope* for respondent.

(1) Plaintiff had a right to believe the check was genuine when presented by defendant's own agent, and the signature of the payee thereto witnessed by him, as such. It was an usual and ordinary business transaction between the parties, in which the plaintiff had a right to act as it did, and the defendant's agent was apparently acting within the scope of his authority and

for his principal. (2) The evidence fails to disclose any fault or negligence on the part of plaintiff in the transaction, and therefore the consequences of the wrong of defendant's agent must not be charged to it. (3) As the matter stands plaintiff cashed the check for defendant.

BROADDUS, J.—This suit was instituted before a justice's court upon the following check:

No. 210                        Office Of
        The Prudential Insurance Co. of America.
                                Sedalia, Mo., Oct. 7, 1903.
                Third National Bank, Sedalia, Mo.
    Pay to the order of Martha A. Crandall, One Hundred Thirty-five and 54-100 Dollars in full settlement of claim under Policies Nos. 6,439,662 and 7,584,494 and charge same to account of
        The Prudential Insurance Company of America.
                Home Office: Newark, N. J.
                            Paid Oct. 10, 1903.
                            Third National Bank,
                            Sedalia, Mo.
$135.54                        J. H. SULLENS, Supt.

On the back of said check were the following indorsements:

                        her
            MARTHA A. X CRANDALL.
                        mark
            J. F. Hendrick, Ass't Supt.
            Pay to the order of the Merchants'
National Bank St. Louis, Mo.
            Merchants' Bank of Jefferson City,
Mo.
                        G. E. LOHMAN, Cash.
            Pay to the order of any bank or
banker. The Mechanics' National Bank,
Oct. 9, 1903, St. Louis, Mo.
                        H. P. HILLIARD, Cashier.

Pay to the order of any bank or banker. The Mechanics' National Bank, Oct. 9, 1903.

H. P. HILLIARD, Cashier.

The evidence disclosed that one, John F. Hendricks, was the local agent and designated as defendant's district superintendent at Jefferson City, Mo.; that one Crandall, deceased, carried two policies on his life in defendant company, the same being in favor of his wife, Martha A. Crandall; that J. H. Sullens, whose office was at Sedalia, Missouri, was defendant's district superintendent, and drew the check in suit payable to said Martha A. Crandall in payment of said policies; that said check was sent to said J. F. Hendricks at Jefferson City, Missouri, to be delivered to Mrs. Crandall who also lived at said last named city; that said Hendricks instead of delivering the check to Mrs. Crandall, forged her indorsement on it, took it to the plaintiff bank and on said forged indorsement obtained from plaintiff the amount in money called for by the check, and the same was placed to his credit by plaintiff; that Sullens, after having received information of the forgery, notified the Sedalia bank on which the check was drawn, and which had previously honored the check, of the forgery; and that the Sedalia bank demanded of plaintiff bank the return of the amount of the check and the same was repaid by it to the former. It was further shown, over the objection of defendant, that it was the habit of plaintiff bank to cash drafts for Hendricks. And it was further shown that Hendricks had no authority and it was not in the line of his duty to sign checks of the defendant.

The cause was tried before the court sitting as a jury. The finding and judgment were for the plaintiff and defendant appealed.

The theory of plaintiff is that it had the right to believe that the check was genuine when presented by

defendant's agent and the signature of the payee witnessed by him as such. The weakness of this position is that the act of said Hendricks in attesting the signature of the payee, Mrs. Crandall, was not an act performed in the line of his duty as defendant's agent. Nor was he apparently acting within the scope of his authority as agent for his principal. It was an act foreign to defendant's business and one which could have been performed by any one who was a competent witness.

And it is also insisted that there is no fault or negligence to be attributed to plaintiff in the transaction. We think otherwise. The plaintiff before it purchased the check was bound to know that the signature of the payee was genuine. Bank v. Bank, 109 Mo. App. 665. As the indorsement of Mrs. Crandall's name on the back of the check was without her authority it created no privity of contract between the drawer and drawee. [Bank v. Bank, supra; Bank v. Whitman, 94 U. S. 343.]

Defendant was not liable for the forgery of its agent, especially when not acting within the scope of his authority as such. The case is too plain for argument.

Defendant questions the sufficiency of plaintiff's statement, but as it has no case upon the merits it is useless to encumber this opinion further.

Reversed. All concur.