JOHN ROUMELOITIS, Respondent, v. MISSOURI
PACIFIC RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted March 5, 1914.
Opinion Filed April 7, 1914.

PAYMENT: Payment to Wrong Person: Liability of Debtor:
Estoppel of Creditor. An employee directed his employer to
send to a designated address, by mail, an identification card,

which was issued solely for the purpose of identifying the bearer as the one entitled to receive the wages due the person named in it. The employer complied with this request, and a third person opened the letter, got possession of the card, and upon presenting it to the paymaster of the employer, was paid the wages due the employee, giving the paymaster a receipt signed in the name of the employee. *Held*, that the employer was not charged with negligence in complying with the employee's request and that the card was transmitted at the risk of the latter, and hence he must bear the loss, under the maxim that "where one of two innocent parties must suffer, he through whose agency the loss occurred must sustain it."

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

REVERSED.

*J. F. Green* for appellant.

(1)   Upon the facts shown by the record plaintiff was not entitled to recover, as defendant had fully complied with his request. Williams v. Verity, 98 Mo. App. 654; Hackett v. Van Frank, 105 Mo. App. 384; Layson v. Cooper, 174 Mo. 211; Banking Company v. Commission Company, 195 Mo. 262; Moore v. Bank of Commerce, 52 Mo. 379; Pitman v. Mining Co., 78 Mo. App. 438. (2) Even if the case where one of two innocent parties should suffer, the fault was that of the plaintiff. Bank v. Bank of Commerce, 107 Mo. 406; Kane v. Dauernheim, 60 Mo. App. 66; Bank v. Armstrong, 62 Mo. 67; Clifford v. Company, 195 Mo. 282; Pitman v. Mining Company, 78 Mo. App. 441; Billings v. Wade, 73 Mo. 561.

*Henry B. Davis, Charles Erd* and *Carlisle Durfee* for respondent.

(1) Payment of a draft upon a forged indorsement, to a person unauthorized to receive it, is not in law a payment, because the drawee of the draft was bound

to know that the indorsement was genuine, and if paid on a forged indorsement, was paid at the peril of the drawee. Biscuit Co. v. Grocer Co., 143 Mo. App. 307; Houston Gro. Co. v. Bank, 71 Mo. App. 132; Bank v. Bank, 109 Mo. App. 671; Merchants' Bank v. Ins. Co., 110 Mo. App. 66. (2) The mailing of the "identification card" to the payee therein named, at the address given by him, did not constitute payment, as contended by counsel for appellant. Biscuit Co. v. Grocer Co., 143 Mo. App. 308.

REYNOLDS, P. J.—The plaintiff brought his action againt defendant to recover an amount claimed to be due him as wages for labor. The cause was tried before the court, a jury being waived, on an agreed statement of facts. From this agreed statement it appears that plaintiff, a Greek, was employed and worked for defendant as a laborer at Eureka, for sixteen days during the month of June, 1911. He was to receive for his services $1.50 a day, leaving $23.75 as the amount due him when he quit, after deducting twenty-five cents for hospital fee. Plaintiff left Eureka without obtaining what is known as an "identification slip" or card. These cards were issued by the foreman of the section gang to identify a laborer so that the paymaster of the railroad company could pay him the amount due him. After plaintiff left Eureka and quit the employment of defendant, and on the 22nd of June, 1911, a friend of plaintiff, at the latter's request, wrote the section foreman this letter:

"St. Louis, Mo., June 22, 1911.
Section Foreman M. P. Railroad Co.,
    Eureka, Mo.
    John Roumeliotis, one of your laborers, requested us to write you to have his identification sent to him at his address, No. 322 South Fourth Street, St. Louis, Mo., so he can obtain his check for services he per-

formed this month. He left there, and you were not there to give him his identification.

Kindly look into this, and oblige."

On receipt of this letter the section foreman mailed an identification slip in the usual form, inclosing it in an envelope addressed to plaintiff at No. 322 South Fourth Street, St. Louis, Mo., the address given in the above letter. The identification card was in this form:

"Not Negotiable.          For Identification Only.
The Missouri Pacific Railway Company,
Leased, Operated and Independent Lines.
Eureka, June 19, 1911.
No. 12.
Paymaster,
St. Louis, Mo.
The bearer, John Roumeliotis, as section laborer, worked in the month of June, 1911, on Eastern Division, as per pay roll Section 42.
(Signed)          JACK HANCE,
Foreman."

This identification card was received at the above address, which was a store kept by a Greek named Cardais. Afterwards, about the 26th of June, 1911, and without the knowledge of the plaintiff, it was presented by some Greek to the paymaster of defendant and the amount due Roumeliotis paid to the person presenting it, whom the paymaster supposed to be Roumeliotis, as that person signed a receipt for the pay check in the name of John Roumeliotis. It was further agreed that Roumeliotis had only worked for defendant during the month of June, 1911; that he had caused the proprietor of the store at 322 South Fourth Street to be arrested on the charge of opening the letter and representing him in the collection of the

check, and that on hearing and trial the party arrested was acquitted and discharged. This was all the testimony in the case and at its conclusion the court found for plaintiff. Judgment following, defendant, interposing a motion for new trial, duly perfected its appeal to this court.

This identification card is in no sense commercial or negotiable paper. It is not even an order for the payment of money.. Its use is solely for the purpose of identifying the bearer of it, as one entitled to receive pay as his name appeared on the pay rolls of the company. It was in such form as to warn the person in whose favor it was issued that the holder of it was the man who was entitled to be paid as his named amount appeared on pay roll. When the plaintiff here, presumed to know this, directed that it be sent to a given address by mail, he took the risk of its falling into wrong hands, for he must be held to have known that it would serve the purpose of identifying whoever had possession of it as the man entitled to receive the money. Hence it was at his risk and his risk alone and on his express direction that the appellant transmitted this identification card by mail, addressed to respondent at a designated number in the city of St. Louis. That it arrived there is not questioned. That some one other than plaintiff obtained possession of it and used it for identification and so obtained the pay check is clear. But surely appellant is not in fault for that and cannot be charged with negligence. This on the familiar maxim that "where one of two innocent parties must suffer, he through whose agency the loss occurred must sustain it." [Pitman v. 16 to 1 Mining Co., 78 Mo. App. 438; Moore v. Bank of Commecre, 52 Mo. 377, l. c. 379; Northwestern National Bank of Chicago v. Bank of Commerce of Kansas City, 107 Mo. 402, l. c. 411, 17 S. W. 982; Layson v. Cooper, 174 Mo. 211, l. c. 221, 73 S. W. 472; Clifford Banking Co. v. Donovan Commission Co., 195 Mo. 262, l. c. 282, 94 S.

W. 527.] Union Biscuit Co. v. Springfield Grocer Co., 143 Mo. App. 300, 126 S. W. 996, relied upon by learned counsel for respondent, an action involving a negotiable instrument, does not apply to the case at bar.

The judgment of the circuit court is reversed. *Nortoni* and *Allen, JJ.,* concur.

