WILLIAM W. MARLATT, APPELLANT, v. COLUMBIA NATIONAL BANK, RESPONDENT.

Kansas City Court of Appeals. May 20, 1929.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, Section 1588, p. 1412, n. 54.

*L. N. Musser* and *Floyd S. Strattan* for appellant.

*Winger, Reeder, Barker, Gumbiner & Hazard* and *Frederick E. Whitten* for respondent.

ARNOLD, J.—This is an action in conversion. The facts of record are that defendant is a national bank located at Kansas City, Missouri. Plaintiff, William W. Marlatt, owned residence property in Kansas City which he conveyed by deed to a third party who, in turn, conveyed it back to plaintiff and his wife, Ina Marlatt, thus

creating in them an estate by the entirety. Thereafter, and on March 23, 1926, the Marlatts borrowed of one L. W. Richardson the sum of $525, secured by a second deed of trust on said residence property, both Mr. and Mrs. Marlatt signing the note and deed of trust. On said date Richardson drew his personal check on the defendant bank in which he was a depositor, and made the check payable to William W. Marlatt and Ina Marlatt.

It appears of record that the object in negotiating the aforesaid loan by the Marlatts was for the purchase and operation of a coal yard, in order that William W. Marlatt might sever his connection with the street car company in whose employ he had been for a number of years, and thereby not be required to perform hard manual labor as he was then some seventy year of age. It appears his wife was much younger than himself, being in her thirties. In order to raise the necessary funds to finance the purchase and operation of the coal yard, to be operated by them jointly, they agreed to borrow the money as stated. The negotiations were conducted principally by the wife and upon being notified the money was ready, she appeared and the Richardson check for $525 thus came into her possession. Ina Marlatt took the check to defendant bank, indorsed it in her own name, and, as plaintiff says, or intimates, forged his indorsement thereon and received a cashier's check payable to Ina Marlatt which she later cashed at another bank. With the proceeds of this check, together with the proceeds of a first loan in the sum of $1700, Ina Marlatt absconded.

Plaintiff states he knew nothing about his wife's "trickery" until he went home, found the house ransacked, the furniture disposed of, his automobile gone and nothing left but a few of his personal effects; that he then undertook to find his wife and learn what had happened to the mortgages and then discovered that the check here in issue had been handled by the defendant. He then made demand of defendant for the payment to him of the money defendant had given her in payment of the check in question. The demand was refused and this suit followed.

The amended petition alleges the corporate status of defendant and that on or about March 23, 1926, plaintiff was owner of the check mentioned in the foregoing statement of facts, and entitled to possession thereof; that the payees named in said check were not partners; that the check was a negotiable instrument; that on March 24, 1926, defendant, in violation of plaintiff's rights, obtained possession of said check without plaintiff's indorsement thereon by individual act or consent; and without authorization defendant unlawfully, wrongfully and negligently and in violation of plaintiff's rights, converted said check, marked and stamped same "Paid, March 24-26" and charged same to the account of the drawer thereof, and issued therefor its own obligation in the form of a draft or

bank check payable to the order of Ina Marlatt, one of the joint payees, and paying said draft when presented by the bank or person who cashed the same, being the proceeds of the aforesaid L. W. Richardson check, with the intent then and thereby to deprive plaintiff of the use, benefit and enjoyment of said check, or the proceeds thereof; that demand was made on defendant for said sum of $525, and such demand was refused. The prayer is for judgment for $525, and interest thereon from March 24, 1926, and costs.

The answer is, first, a general denial, and admits the check in question is a negotiable instrument payable to William W. Marlatt and Ina Marlatt as joint payees, in the sum of $525; that it was drawn on defendant bank with the name of L. W. Richardson as drawer thereof; that it was presented to defendant on March 24, 1926, by said Ina Marlatt, one of the payees appearing on the face thereof, and properly indorsed by the payees named therein; and on said date the sum represented by the check was paid by defendant to said Ina Marlatt; that the sum represented by said check was the proceeds of a loan made by said Richardson as agent for an insurance company upon certain real estate owned by said William W. Marlatt and Ina Marlatt as an estate by the entirety.

Further answering, defendant avers that the funds represented by said check were the proceeds of a deed of trust placed upon said real estate so owned by the entirety by said William W. Marlatt and Ina Marlatt, his wife; that the check was delivered to the said William W. Marlatt and Ina Marlatt in consideration of a note and deed of trust executed by them on said property owned by them by the entirety; that the negotiations between the said Marlatts and Richardson as representative of the insurance company, were conducted by Ina Marlatt for herself and as agent for said William W. Marlatt, with the latter's full knowledge and consent; that said loan was agreed upon and the negotiations and steps in the procurement of said loan were had between said Ina Marlatt and L. W. Richardson with the full knowledge and consent of plaintiff; that plaintiff authorized the said Ina Marlatt to proceed with and complete said negotiations and to procure the funds represented by the check for the purpose of purchasing a coal yard for the joint use of said William W. Marlatt and Ina Marlatt; and that said Ina Marlatt presented said check to defendant and received thereon the sum of $525 with the full knowledge, consent and under the authority of plaintiff.

The reply generally denies the new matter contained in the amended answer and avers that whether the check in question was the proceeds of a loan made by said L. W. Richardson, or not, is immaterial to the issues involved in this suit, and constitutes no defense to the charge of conversion alleged in the petition; that whether said check represented the proceeds of a loan on the real estate of

plaintiff and said Ina Marlatt, and constituted an estate by the entirety or not, plaintiff neither admits nor denies, for the reason that such allegation in defendant's amended answer seeks to set forth a new cause of action and is "a departure from the petition, is not germane to the issues presented by the petition, and even if true, would not constitute a defense to the charge of conversion of the check in question, by the defendant bank;" that the amended answer, outside of a general denial, constitutes no defense to the allegations in the petition and sets up inconsistent, irrelevant and incompetent defenses.

Upon the issues thus made, by agreement of parties, the cause was tried to a special judge without the aid of a jury, resulting in a finding and judgment for defendant. Timely motions for a new trial and in arrest of judgment were overruled and plaintiff has appealed.

Plaintiff files his brief and under the head of "Points and Authorities" sets forth certain propositions of law and cites authorities in support thereof. Exclusive of the authorities cited under each paragraph, the following propositions of law are stated:

"Section 848, Revised Statutes of Missouri for 1919, defines what a negotiable instrument is. The acceptor by accepting the instrument engages that he will pay it according to the tenor of his acceptance, and admits (1) the existence of the drawer, the genuineness of his signature and his capacity and authority to draw the instrument, and (2) the existence of the payee and his capacity to endorse. The payment of a check or bill of exchange by the drawer is equivalent to its acceptance."

"The law indulges no presumption that an agency exists, and the fact of an alleged agency cannot be established by the mere declarations or acts of the agent. Since the authority of the agent must rest upon some act of the principal, the burden is upon the party asserting the fact of agency, to establish by proof an act or acts of the principal, which expressly, or by reasonable implication or by estoppel conferred, or should be held to have conferred, the authority."

"In a suit for conversion, the wife of plaintiff is not a necessary party, where a third party is charged with converting the property of plaintiff, nor is the marital relation between plaintiff and his wife material to the issue."

"Conversion is defined as every act of control or dominion over personal property without the owner's authority, and in disregard and violation of his rights."

"In Merchant's Bank of Jefferson City v. The Prudential Insurance Co., 110 Mo. App. 62, Judge BROADDUS in delivering the opinion of the court held, that 'a bank buying a check has no right to believe the indorsement of the payee genuine because witnessed by drawer's agent, where the agent in witnessing it is not in the line

of his duty, as agent.' 'That before purchasing a check a bank must know payee's indorsement to be genuine, since without such indorsement there is no privity of contract between the drawer and the payee.''

It will be noted the above paragraphs merely announce abstract propositions of law, without pointing out any alleged errors committed by the court below. Plaintiff also files an additional brief in reply to defendant's brief and argument but that document does not enlighten us as to any charges of error in the trial. Our Rule 17 is as follows:

''The brief on behalf of appellant or plaintiff in error shall distinctly and separately allege the errors committed by the inferior court, and no reference will be permitted in the oral argument to errors not thus specified, nor any reference by either counsel to any authority not cited in his brief, unless for good cause shown the court shall otherwise direct.''

Our Rule 18, is as follows:

''If any appellant or plaintiff in error, in any civil cause, shall fail to comply with the provisions of rules 14, 15, 17, and that part of rule 16 relating to the statements, the court, when the cause is called for hearing, will dismiss the appeal or writ of error, or, at the option of the respondent or defendant in error, continue the cause, at the costs of the party in default. No oral argument will be heard from any counsel failing to comply with the provisions of said rules or parts of rules.''

In view of the law as declared by this court and the Supreme Court, it becomes our duty to dismiss the appeal. [Hanchett Bond Co. v. Palm, 220 S. W. (Mo.) 673; Duffy v. Allen, 220 S. W. (Mo.) 857; Frick v. Insurance Co., 213 S. W. (Mo.) 854; Cavanaugh v. Dyer, 215 S. W. (Mo. App.) 482; Drainage District v. Hayes, 217 S. W. (Mo.) 20.] The object of our Rule 17, above quoted, is to relieve the court of the necessity of searching through the record in order to uncover any errors that may be lurking therein. The appeal is dismissed.

