In this suit, Charles L. Burtrum and Joe H. Burtrum, doing business as Burtrum Brothers Motor Company, automobile dealers of Newton County, Missouri, obtained an order of sequestration in the district court under which a 1939 model Oldsmobile sedan automobile, in the possession of the defendant, Theodore F. Dryden, was seized by the sheriff of Terrebonne Parish. The sequestration was obtained in an effort to have a mortgage lien, alleged to bear against the automobile, recognized and enforced.
The automobile was allegedly sold by the plaintiffs on January 26, 1946, to a certain Mrs. George Chesney and also one Samuel Abrams. The sale took place in Newton County, Missouri, for an alleged total consideration of $900.00. As also alleged, at the time of the sale, the vendees gave plaintiffs a chattel mortgage, a vendor's lien and privilege and a lien against the automobile for $636.00. Whilst it is not alleged that a note was given and executed in connection with the act of chattel mortgage, reference is later made in the petition to a note which is said to have become due when the installment of March 26, 1946, was not paid. Plaintiffs allege that the act of chattel mortgage was recorded within the contemplation of the law of the State of Missouri with respect to recordation of acts of this kind and they annexed a certified copy of the same to their petition.
From the certified copy of the act we note that Mrs. George Chesney alone is named as the mortgagor and Burtrum Brothers Motor Company as mortgagee. According to its contents, the mortgage is given in consideration of a debt in the sum of $632.00 due the mortgagee by the mortgagor and the mortgaged property described is the same automobile that is now under seizure in this proceeding. The act stipulates that failure to pay any of the installments on the debt as they become due will ipso facto mature the remaining installments.
The act of chattel mortgage has two blank lines at the end, one being designated for the signature of the mortgagor and the other for his address. It also has two lines on the left hand side for the signature of witnesses. The line for the signature of the mortgagor bears the signature of Mrs. George Chesney and the one underneath, for the address of the mortgagor, bears the name Samuel Abrams. Two witnesses signed the act in the proper places. It is to be noted that the name of Samuel Abrams nowhere appears in the body of the act itself.
In the petition it is alleged that only one installment was paid at maturity on February 26, 1946, and that failure to pay any subsequently due had the effect of maturing them all.
As set out in the petition, the automobile was in the possession of Samuel Abrams *Page 90 
after it had been bought; he shortly thereafter left the state of Missouri for parts unknown and, in an effort to enforce their alleged mortgage claim, plaintiffs had him ultimately traced to Louisiana where it was learned that he had sold the car to the defendant Dryden who had it in his possession in the city of Houma, in Terrebonne Parish. Abrams was subsequently apprehended and brought back to Missouri where he was prosecuted criminally in connection with the removal of the car, without permission of the mortgagor, and was sentenced to serve a term in the penitentiary of that state. Having made the necessary allegations, supported by the affidavit of their attorney, and having furnished the bond required by the court, the sequestration issued and the car was seized by the sheriff of Terrebonne Parish.
After the seizure the defendant bonded the sequestration and then filed a motion to dissolve on the grounds, first that there was no mortgage or other lien ever granted by Samuel Abrams on the automobile, second, that if ever there was any mortgage given by him it was never indexed in his name in any county in the State of Missouri and third, that in purchasing the car from Abrams, defendant had the right to rely on the certificate of title showing that there were no mortgages or liens bearing against it. In his motion to dissolve, defendant asked for damages as for attorney's fees in the sum of $250.00, for the sum of $5.00 per day for the time he was deprived of the use of the automobile while it was under seizure, and $500.00 for humiliation and embarrassment.
Counsel for plaintiffs then moved the court to have the motion to dissolve treated as an answer. Upon this having been ordered, defendant filed an answer in which he denied practically all the allegations of fact contained in plaintiffs' petition and elaborated on the defenses set out in his motion to dissolve. He then assumed the position of a plaintiff in reconvention and prayed for judgment for the same items of damage as were enumerated in the motion to dissolve.
After submission of the case in the lower court, the trial judge, without written reasons, maintained the sequestration and ordered delivery of the car to the plaintiffs. Defendant has taken this appeal from a judgment so decreeing.
The validity of the chattel mortgage, in so far as Abrams is concerned, is attacked on the ground that despite his signature to the act on the line indicated for the address of the mortgagor, his name nowhere appears in the body of the act and therefore he cannot be considered as a mortgagor thereunder. It seems to be a settled proposition of law, especially in the State of Missouri, according to whose law the act of chattel mortgage in this case has to be construed, that a party whose name does not appear in the body of an instrument, even though it be signed by him, is not bound by any of its provisions. That has been held to be the law in Missouri with regard to deeds and leases. See Golden v. Tyer, 180 Mo. 196, 79 S.W. 143; Hendricks v. Musgrove, 183 Mo. 300, 81 S.W. 1265 and Drzewiecki v. Stock-Daniel Hardware Co., Mo. App., 293 S.W. 441. We can think of no good reason why the same principle should not apply with respect to mortgages and chattel mortgages. If that be so, Samuel Abrams who held the title certificate issued under the law of Missouri, to the automobile, was not a mortgagor in the act of mortgage sought to be enforced in this case, and anyone dealing with him with respect thereto was not put on notice by that act in the manner and form in which it appears. And this would be so even though we were to grant plaintiffs their contention that mere filing of the act with the recorder was all that was necessary under the law of Missouri.
But even though we were to assume that there was a valid mortgage in this case, we are of the opinion that the defendant, purchaser of the automobile, was protected by the certificate of title presented to him by Samuel Abrams, showing that there were no liens or mortgages bearing against it, and we prefer to rest our decision on that defense.
In Missouri, the certificate of title to a motor vehicle is issued by the Commissioner of Motor Vehicles. That official certifies that application has been made to him by the party who states that he is the owner *Page 91 
of the vehicle and that it is subject to the chattel mortgage shown on the certificate that is to be issued. Whilst the certificate contains a provision to the effect that the Department does not guarantee the statements as to the chattel mortgage, it does state that reasonable diligence has been used in ascertaining whether the statements in the application for the certificate are true. As already pointed out, in this case, the space indicated on the certificate to show what lien the automobile was subject to, is left blank. As far as the certificate showed therefore, there was no lien or chattel mortgage bearing against it. According to the deposition of Charles L. Burtrum who handled the sale for his firm, although the car was purchased jointly by Mrs. Chesney and Samuel Abrams, it was agreeable to all three of them that the title certificate be issued in the name of Abrams, and it was so issued on February 14, 1946, nearly three weeks after the chattel mortgage had been executed and filed with the recorder of deeds for Newton County.
By the law of Missouri, as provided for by Sec. 3488 of the Revised Statutes Annotated of that State, it is made the duty of the recorder of deeds, "on request of the mortgagee, or his assignee, to certify on the certificate of title to the mortgaged motor vehicle, that such chattel mortgage has been filed showing the date, the amount of the mortgage and the name of the payee." Further, the same section provides that "a mortgage on a motor vehicle shall not be notice to the whole world, unless the record thereof is noted on the certificate of title to the mortgaged vehicle, as herein provided." (Emphasis supplied.) There being no record of the mortgage noted on the certificate of title in this case, there was therefore no notice of the same given to anyone.
Counsel for plaintiffs contend however that it was not necessary to note the chattel mortgage on the certificate of title because the certificate in this case was governed by certain exceptions appearing in the same section of the statute. The exceptions relating to the notation of the mortgage on the certificate appear in the following clause of the section: Provided, however, that the provisions of this section shall not apply to chattel mortgages given to secure the purchase price or any part thereof or to a motor vehicle sold by the manufacturer or their distributing dealers, or to a chattel mortgage given by dealers to secure loans on the floor plan stock of motor vehicles." We don't think that any of the exceptions apply.
Whilst plaintiffs did allege, in effect, that the chattel mortgage was given to secure a part of the purchase price of the automobile, they also allege that that was all in accordance with the act of chattel mortgage, a certified copy of which they attached to and made part of their petition. It is a well known rule of pleading that a document which is annexed to and forms part of a petition controls all the allegations which bear reference to it. If there be any conflict between the document and the allegations, the contents of the document must prevail. Under that rule, we have to be guided by the contents of the certified copy of the attached chattel mortgage in this case and when we come to examine it, nowhere do we find any reference to it being a mortgage given to represent the purchase price or part of the purchase price of the automobile described as the property that is mortgaged. The parties are mentioned as mortgagor and mortgagee and nothing is stated in the act which would lead to the knowledge that the debt that is meant to be secured was a part of the purchase price of a car that had been sold by Burtrum Bros. Motor Company to Mrs. George Chesney, and still less to Samuel Abrams.
In answer to certain direct interrogatories propounded to him by counsel for plaintiffs, Charles L. Burtrum stated that the chattel mortgage was given to secure the balance of the purchase price of a car which he had sold to Mrs. Chesney and Samuel Abrams, but objection was timely made to this deposition as well as to one of Mrs. Chesney, of the same import, on the ground that such evidence was an attempt to contradict the terms of a written document by parol proof and might result in an enlargement of the pleadings. The district judge permitted the offer, subject *Page 92 
to the objection but specifically ruled that the evidence was not to be construed as enlarging the pleadings. We do not think that the evidence was admissible under the pleadings and are of the opinion that the proof should have been restricted to the contents of the written document itself. When so restricted, there is nothing, as already stated, from which to infer that the mortgage was given to secure part of the purchase price of the automobile and consequently that part of the exception relied on by counsel for plaintiffs does not apply.
Neither are the other exceptions found in the section of the statute applicable because this was not a sale of a motor vehicle by a manufacturer and plaintiffs have not shown themselves to be distributing dealers of a manufacturer. We are not concerned with the last exception which applies to loans made on the floor plan stock of motor vehicles.
We conclude therefore that the certificate of title should have had the chattel mortgage noted on its face as provided for by the statute of Missouri and that failure to so note it resulted in failure of notice that it existed and operated as a lien on the automobile. Under the circumstances, and under the law of the State of Missouri, as we interpret it, we hold that when defendant, Dryden, bought the automobile on the certificate of title which was presented to him, he was protected against any lien or chattel mortgage which may have then been bearing against it.
Under the views we take of the case it follows that the sequestration was illegally issued and it should have been dissolved on counsel's motion which was ordered to be taken as an answer to the merits. Defendant is entitled to recover, if for none other, at least for the damages claimed as attorney's fees. The proof does not support any of the other items of damage demanded by him. We think that a reasonable attorney's fee is the sum of $200.00. Counsel for plaintiffs contend that in as much as the sequestration had already been dissolved on bond when the motion to dissolve was filed, the claim for attorney's fees is without merit. Several cases are cited which deal strictly with the right to bond a sequestration or, as otherwise expressed, to have the sequestration dissolved on bond. In none of these cases, however, was there involved the right to demand and recover attorney's fees as damages for having a sequestration which had illegally issued, dissolved as the result of a trial on a motion to dissolve.
For the reasons stated it is ordered that the judgment appealed from be and the same is hereby annulled, reversed and set aside and it is further ordered, adjudged and decreed that there be judgment in favor of the defendant, Theodore F. Dryden, and against the plaintiffs, Burtrum Bros. Motor Company, dissolving the writ of sequestration herein issued and dismissing their suit. It is further ordered that the defendant recover judgment against the plaintiffs in the sum of $200.00 as damages for attorney's fees in having had the writ of sequestration dissolved. It is further ordered that the plaintiffs, appellees, pay all costs of these proceedings in both courts. *Page 139